1   TAMARA W. ASHFORD
    Acting Assistant Attorney General
2

3   DYLAN C. CERLING (NY)
    Trial Attorney, Tax Division
    U.S. Department of Justice
4   P.O. Box 683
    Washington, D.C.  20044
5   202-616-3395 (v)
    202-307-0054 (f)
6   dylan.c.cerling@ usdoj.gov

7   Of Counsel:
    WENDY J. OLSON
8   United States Attorney

9            IN THE UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF IDAHO
10

11  FRANK CHAPIN, *et al.*,                    Case No. 2:14-cv-443

12          Petitioners,                       **UNITED STATES'**
                                               **MEMORANDUM IN SUPPORT OF**
                                               **MOTION TO DISMISS OR DENY**
13          v.                                 **PETITION TO QUASH**

    UNITED STATES OF AMERICA,
14
            Respondent.
15

16

17        This case arises from Frank L. Chapin and Sydney Chapin's[1] ("Taxpayers") decision to

18  stop cooperating with an Internal Revenue Service ("IRS") investigation. After Taxpayers sent

19  incomplete bank records to the IRS for the years 2009 and 2010 and Frank Chapin sent a letter to

20  IRS agent Heather Blair stating that he was "not going to dig out any information for 2011 or

21  _____

22  [1]        Also known as S. Gutierrez-Chapin and Sydney Gutierrez-Chapin.

23

United States Memorandum in Support of Motion to Dismiss or
Deny Petition to Quash
(Case 2:14-cv-443)                                    i
**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3395

1    2012 . . . until we found out whether we have problems in 2009 and 2010," the IRS issued a

2    summons to Mountain West Bank pertaining to the bank records of Frank and Sydney Chapin for

3    the calendar years ending December 31, 2009, December 31, 2010, December 31, 2011, and

4    December 31, 2012. Taxpayers filed this petition to quash.[2]

5           The United States has not been properly served, as Taxpayers served only a copy of the

6    petition to quash the third-party summons, and an affidavit in support of that petition, on the

7    United States, and did not serve a copy of the summons in accordance with Rule 4.

8           Even if the Court reaches the merits of the petition, though, it should be denied. First, the

9    IRS has been denied access to the petitioner's own records, to which the IRS is entitled under the

10   law. Moreover, the summons seeks records held by the banks, to which the IRS is also entitled.

11   Finally, the various alternative grounds raised by Taxpayers to quash the third-party summons are

12   meritless.

13   //

14   //

15   _____

16   [2]      The Petition also names Revenue Agent Heather Blair as a respondent. (Dkt. No. 1 at 1.) However, Ms.
     Blair was acting in her official capacity as a Revenue Agent in issuing the summons at issue in this case (Blair Decl.

17   1–2 at ¶¶ 1–2), and the Petition does not allege otherwise. (*see generally* Dkt. No. 1.) A suit against an IRS
     employee for actions taken in her official capacity is a suit against the United States.  *Gilbert v. DaGrossa*, 756 F.2d

18   1455, 1458 (9th Cir. 1985).
             The petition also names the Internal Revenue Service, a division of the U.S. Treasury Department, as a

19   defendant. That entity cannot sue or be sued, and is not a proper party-respondent.  *See Whitcombe v. U.S. Dep't of
     Treasury*, 922 F.2d 846 (9th Cir. 1991) (unpublished decision)("No broad waiver of sovereign immunity applies to
     the Treasury Department or IRS."). *See also Castleberry v. Alcohol Tobacco and Firearms Division of Treasury

20   Dep't of U.S.*, 530 F.2d 672, 673 n.3 (5th Cir. 1976) (cannot sue U.S. Department of Treasury); *Reppert v. I.R.S.*,
     418 Fed. App'x 897, 898 n.1 (11th Cir. 2011) (unpublished decision)(the IRS is not a suable entity);

21           Since neither Heather Blair nor the Internal Revenue Service is a proper party-respondent, they should be
     removed from the caption of the case.

22

23

United States Memorandum in Support of Motion to Dismiss or
Deny Petition to Quash
(Case No. 2:14-cv-443)                                    ii

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3395

1

# TABLE OF AUTHORITIES

**Cases**

*Castleberry v. ATF*, 530 F.2d 672, (5th Cir. 1976)……………………………………… ii n.1
*Couch v. U.S.*, 409 U.S. 322 (1973)……………………………………………….... 4 n.3
*Fortney v. United States*, 59 F.3d 117 (9th Cir. 1995)……………………………….... 3
*Gilbert v. DaGrossa*, 756 F.2d 1455 (9th Cir. 1985)………………………………… ii n.1
*Mollison v. United States*, 568 F.3d 1073 (9th Cir. 2009)………………………………… 2
*Reppert v. I.R.S.*, 418 Fed. App'x 897 (11th Cir. 2011) (unpublished decision)………… ii n.1
*Stewart v. United* States, 511 F.3d 1251 (9th Cir. 2008)………………………………… 3
*United States v. Clarke*, 134 S.Ct. 2361 (2014)………………………………………… 3, 4
*United States v. Martin*, 278 F.3d 988 (9th Cir. 2000) ……………………………… 5
*United States v. Powell*, 379 U.S. 48 (1964)………………………………………….... 3, 4
*Whitcombe v. U.S. Dep't of Treasury*, 922 F.2d 846 (9th Cir. 1991) (unpublished
decision)……………………………………………………………………………… ii n.1

**Statutes**

5 U.S.C. § 552……………………………………………………………………… 5
26 U.S.C. § 7525……………………………………………………………………… 4
26 U.S.C. § 6103……………………………………………………………………… 5
26 U.S.C. § 7602 ……………………………………………………………………… 2, 5, 6
26 U.S.C. § 7604……………………………………………………………………… 5
26 U.S.C. § 7609……………………………………………………………………… 2

**Rules**

31 C.F.R. § 1.32……………………………………………………………………… 5
Fed. R. Civ. P. 4……………………………………………………………………... 2
Fed. R. Evid. 501……………………………………………………………………… 4 n.3
Id. R. Evid. 515……………………………………………………………………… 4 n.3

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3395

1

## ARGUMENT

2    The Internal Revenue Service decided to examine Taxpayers' federal income tax returns

3 for the collection periods ending December 31, 2009; December 31, 2010; December 31, 2011;

4 and December 31, 2012. (Blair Decl. at 1–2, ¶ 2). The IRS asked Taxpayers to provide bank

5 records for the 2009, 2010, 2011, and 2012 tax years, but the records provided by the Taxpayers

6 were incomplete and did not reflect certain income deposits about which Taxpayers had informed

7 the IRS. (*Id.* at 3, ¶ 8.) The IRS then sent Taxpayers requests for the missing documents, but

8 Taxpayers declined to provide them. (*Id.*) Indeed, after one of the requests, Frank Chapin stated

9 that he was not going to provide any information for 2011 or 2012 until all issues related to 2009

10 and 2010 were resolved. (*Id.*)

11    Bank account information is an important part of an audit—it assists the examiner in

12 determining the taxpayer's taxable income and what expenditures were deductible expenses.

13 (Blair Decl. at 2–3, ¶ 7.) Since the IRS did not already have copies in its possession of the banks'

14 records pertaining to Taxpayers, the IRS issued a summons to Mountain West Bank for

15 Taxpayers' 2009, 2010, 2011, and 2012 records.

16    The IRS issued that summons on October 2, 2014. Upon receiving notice of the

17 summons, Taxpayers timely filed this petition to quash the summons on October 20, 2014. (Dkt. #

18 1.) The next day, they filed affidavits of service, stating that Heather Blair had been personally

19 served with "a copy of the Petition to Quash Third Party Summons and a copy of the Affidavit of

20 Frank L. Chapin in Support of [the] Petition," (Dkt. # 5), Mountain West Bank had been

21 personally served with the same documents, (Dkt. # 7), and that Taxpayers had "caused to be

22 mailed, via U.S. Regular and certified mail, return receipt requested, with postage prepaid

23 thereon, true and correct copies of the Petition to Quash Third Party Summons and Affidavit of

United States Memorandum in Support of Motion to Dismiss and
Deny Petition to Quash
(Case No. 2:14-cv-443)                                                         1

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3395

1  Frank L. Chapin in Support of [the] Petition to" the United States' Attorney's Office in Boise, and

2  Eric Holder in Washington, D.C. (Dkt. # 6 at 1–2.)

## I.      The Petition Should Be Dismissed Because It Has Not Been Properly Served On the United States

Petitioners have not properly served the Petition on the United States as required by Federal Rule of Civil Procedure 4. 26 U.S.C. § 7609(b)(2)(B) requires a person seeking to quash an IRS summons to mail a copy of the petition on the person summoned and on the Secretary of the Treasury. Complying with those requirements does not relieve the petitioner from serving the petition under Rule 4, however. *See, e.g.*, *Mollison v. United States*, 568 F.3d 1073, 1076 (9th Cir. 2009) (explaining the different timing requirements for service on the United States and mailing the document to the IRS under § 7609). Rule 4 specifies that "[a] summons must be served with a copy of the complaint," Fed. R. Civ. P. 4(c)(1), and that the summons must contain certain information. *See* Fed. R. Civ. P. 4(a)(1). Here, the United States has not been served with a copy of a summons. The United States recognizes that Petitioners may cure this defect, *see* Fed. R. Civ. P. 4(i), (m), and makes this argument to avoid waiving it.

## II.      The Petition Should Be Denied Because the IRS Is Entitled To Obtain Bank Records From Mountain West Bank

If the Court reaches the merits of the Petition, it should deny it, because it states no valid reason to quash the summons. To be enforceable, a third party summons issued by the IRS under 26 U.S.C. §§ 7602 & 7609 must meet the standards set forth by the Supreme Court; the IRS Commissioner must show "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code

United States Memorandum in Support of Motion to Dismiss or
Deny Petition to Quash
(Case No. 2:14-cv-443)

2

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3395

have been followed." *United States v. Powell*, 379 U.S. 48, 57–58 (1964). The IRS can satisfy

that standard by "submitting a simple affidavit from the investigating agent." *United States v.*

*Clarke*, 134 S.Ct. 2361, 2367 (2014). *See also Stewart v. United* States, 511 F.3d 1251, 1254 (9th

Cir. 2008) ("The government's burden under *Powell* 'is a slight one and typically is satisfied by

the introduction of a sworn declaration of the revenue agent who issued the summons that the

*Powell* requirements have been met.'" (quoting *Fortney v. United States*, 59 F.3d 117, 120 (9th

Cir. 1995))). Once the government makes out a prima facie case, the burden shifts to the person

opposing the summons, who has "a heavy burden . . . to show an abuse of process or the lack of

institutional good faith." *Id.* at 1255 (quoting *Fortney*, 59 F.3d at 120).

Here, the declaration of Heather Blair establishes each of the four *Powell* requirements.

First, the declaration notes that Ms. Blair has been assigned to investigate the Taxpayers for the

tax years 2009, 2010, 2011, and 2012, which constitutes a proper purpose. (Decl. of Heather Blair

at 1–2, ¶ 2.) The summons plainly seeks information relevant to this purpose because it might

shed light on the taxpayers' income for those years, as well as potential deductions claimed by the

taxpayers. (Blair Decl. at 2–3, ¶¶ 6–7.) The information sought is not already within the IRS's

possession. (Blair Decl. at 3–4, ¶¶ 8, 12.) The administrative steps required to issue a summons

have been met. (Blair Decl. at 4, ¶¶ 13–14.)

To the extent the Taxpayers contend that they should be entitled to discovery "through

which to establish the IRS's improper purpose for issuance of the Summons, including an

adversarial evidentiary hearing," (Dkt. # 1 at 4), the Taxpayers have not satisfied their burden.

Generally, "courts may only ask whether the IRS issued a summons in good faith, and must

eschew any broader role of 'oversee[ing] the [IRS's] determinations to investigate.'" *Clarke*, 134

S. Ct. at 2367 (2014) (alterations in original) (quoting *Powell*, 379 U.S. at 56). Thus, to be entitled

United States Memorandum in Support of Motion to Dismiss or
Deny Petition to Quash
(Case No. 2:14-cv-443)

3

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3395

1  to a hearing or any other discovery, "a bare assertion or conjecture" of bad faith or improper

2  purpose is not enough, and the taxpayer must "make a showing of facts that give rise to a

3  plausible inference of improper motive." *Id.* at 2368. In this case, Taxpayers list no facts

4  whatsoever that give rise to a plausible inference of an improper motive. Accordingly, the Court

5  should deny the petition without a hearing or any discovery.

6        Petitioner raises several alternative arguments for why the Court should quash the

7  summons, none of which have any merit.

8        Petitioners argue that they are "active in the accounting business, and so are entitled to

9  any privileges of Evidence Rule 515." Dkt. # 1 at 3, ¶ 5(a). However, bank records are not

10 privileged communications. Even assuming Mr. Chapin were a non-suspended, practicing

11 accountant or a federally authorized tax practitioner under 26 U.S.C. § 7525, the IRS is asking for

12 information from Mountain West Bank about Mr. Chapin's accounts, and is not asking Mr.

13 Chapin for confidential communications related to his clients. Mr. Chapin points to no privilege

14 between him and his bank.[3]

15       Taxpayers also argue that the summons should be quashed because the records sought

16 "contain large numbers of social security numbers of Petitioners [sic] clients who are not under

---

18 [3] While the Court need not even address them because bank records are not privileged, there are other reasons the
   accountant-client privilege does not apply. Because this suit does not involve a claim or defense "for which state law
19 supplies the rule of decision," federal common law governs a claim of privilege, Fed. R. Evid. 501(a), and "no
   confidential accountant-client privilege exists under federal law, and no state created privilege has been recognized
20 in federal cases." *Couch v. U.S.*, 409 U.S. 322, 335 (1973). Indeed, even the Idaho accountant-client privilege would
   not protect communications by Mr. Chapin; while Frank Chapin is a certified public accountant, he has been
21 suspended from the practice of accountancy by the State of Idaho since 2003, (Blair Decl. at 3, ¶ 10), and the
   relevant Idaho Rule of Evidence limits the accountancy privilege to an accountant "authorized, or reasonably
22 believed by the client to be authorized, to engage in the practice of accounting in any state or nation." Id. R. Evid.
   515(a)(3).

23

United States Memorandum in Support of Motion to Dismiss or
Deny Petition to Quash
(Case No. 2:14-cv-443)

4

1    audit by Respondents," and so "[d]isclosure would violate federal law"[4] under 31 C.F.R. § 1.32, 5

2    U.S.C. § 552(a), and 26 U.S.C. § 6103(a)(2). (Dkt. # 1 at 3, ¶ 5(b).) First, 5 U.S.C. § 552, the

3    Freedom of Information Act, sets forth the records and information that an agency of the federal

4    government must make available to private citizens upon request. It does not put limits on the

5    ability of a federal agency to recover information from a bank or other private citizen.

6          Similarly, Taxpayers point out that 26 U.S.C. § 6103(a)(2) bars disclosure of certain tax-

7    related information by an "officer or employee of any state, any local law enforcement agency

8    receiving information under subsection (i)(7)(A), any local child support enforcement agency, or

9    any local agency administering a program listed in subsection (l)(7)(D) who has or had access to

10   returns or return information under this section or section 6104(c)." 26 U.S.C. § 6103(a)(2).

11   Again, the IRS is attempting to obtain information *from* a private entity, and Mountain West Bank

12   does not qualify as an officer or employee of a state or local government, or any other person set

13   forth in § 6103(a)(2).

14         31 C.F.R. § 1.32 merely allows individuals to refuse to disclose social security numbers

15   when requested by a federal agency unless the disclosure "is required by Federal statute." 31

16   C.F.R. § 1.32(b)(1). Here, the IRS is authorized to "examine any books, papers, records, or other

17   data which may be relevant or material" to determine "the liability of any person for any internal

18   revenue tax." 26 U.S.C. § 7602(a)(1). Complying with an IRS summons is required by federal

19   statute. *See id.*; *see also* 26 U.S.C. § 7604 (explaining how IRS summonses are enforced).

20

21   ─────────────────

22   [4] Petitioner does not explain why his own bank records would contain the social security numbers of other
     individuals.

23

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3395

1  Accordingly, even if 31 C.F.R. § 1.32 prohibited disclosure of social security numbers under

2  some circumstances, that regulation is not applicable here.

3        Finally, Taxpayers state that the summons is for "records sought completely or partly to

4  determine an economic reality examination technique in an attempt to determine the alleged

5  existence of unreported income," (Dkt. # 1 at 3, ¶ 5(c)), which they argue is a prohibited purpose

6  under 26 U.S.C. § 7602(e). However, 26 U.S.C. § 7602(e) states that the IRS "shall not use

7  financial status or economic reality examination techniques to determine the existence of

8  unreported income of any taxpayer *unless the Secretary has a reasonable indication that there is*

9  *a likelihood of such unreported income.*" 26 U.S.C. § 7602(e) (emphasis added).[5] Here, even

10 assuming that Heather Blair is conducting an economic reality examination, the incomplete bank

11 records provided to the IRS by the Taxpayers reasonably indicate that there is a likelihood of

12 unreported income for the tax years at issue, because the incomplete records provided to the

13 revenue agent do not reflect the income that Taxpayers told the IRS that they had received. (Blair

14 Decl. at 3, ¶ 8.)

15 **III.   CONCLUSION**

16       For the foregoing reasons, the United States respectfully requests that the Court dismiss

17 or, in the alternative, deny the Petition to quash the third-party summons.

18 //

19 //

20

21 [5]     *Brock v. Mr. W. Fireworks, Inc.*, 814 F.2d 1042, 1047 (5th Cir. 1987), cited by the taxpayers for a definition of "economic reality," relates to the Fair Labor Standards Act and whether the operators of certain

22 fireworks stands were employees of Mr. W. Fireworks, Inc. That case is not related to, and does not discuss, income tax law or the IRS.

23

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3395

1   //

2   //

3   //

4   //

5   Respectfully submitted this 20th day of November, 2014.

6                                   TAMARA W. ASHFORD
                                    Acting Assistant Attorney General

7

8                                   */s/ Dylan C. Cerling*
                                    DYLAN C. CERLING
9                                   Trial Attorney, Tax Division
                                    U.S. Department of Justice
10                                  P.O. Box 683
                                    Washington, D.C.  20044
11                                  202-616-3395 (v)
                                    202-307-0054 (f)
12                                  Dylan.C.Cerling@usdoj.gov

13                                  WENDY J. OLSON
                                    United States Attorney

14

15

16

17

18

19

20

21

22

23

United States Memorandum in Support of Motion to Dismiss or
Deny Petition to Quash
(Case No. 2:14-cv-443)                          7                          **U.S. DEPARTMENT OF JUSTICE**
                                                                          Tax Division, Western Region
                                                                          P.O. Box 683
                                                                          Washington, D.C.  20044
                                                                          Telephone: 202-616-3395

1

2
CERTIFICATE OF SERVICE

3
I hereby certify that on this 20th day of November, 2014, I electronically filed the foregoing
document with the Clerk of Court using the CM/ECF system, which will send notification of
4
such filing to the following:

5
**Robert E. Kovacevich**
*Attorney for Petitioners*

6
**Thomas M. Vasseur**
7
*Attorney for Petitioners*

8
                                    */s/ Dylan C. Cerling*
9
                                    DYLAN C. CERLING
                                    Trial Attorney
10
                                    United States Department of Justice, Tax Division

11

12

13

14

15

16

17

18

19

20

21

22

23

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3395