**ROBERT E. KOVACEVICH**
**ROBERT E. KOVACEVICH, PLLC**
818 West Riverside Avenue, Suite 525
Spokane, WA 99201
Telephone: (509) 747-2104
Facsimile: (509) 625-1914

**THOMAS M. VASSEUR**
**VASSEUR & SCHLOTTHAUER, PLLC**
409 E. Coeur d'Alene Avenue
Coeur d'Alene, ID 83814
Telephone: (208) 664-4457
Facsimile: (208) 765-4702

Attorneys for Petitioners

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FRANK CHAPIN and S. GUTIERREZ-CHAPIN, also known as SYDNEY CHAPIN AND SYDNEY GUTIERREZ-CHAPIN,<br><br>Petitioners,<br><br>v.<br><br>INTERNAL REVENUE SERVICE AGENT, HEATHER L. BLAIR the INTERNAL REVENUE SERVICE and UNITED STATES OF AMERICA<br><br>Respondents. | No. 2:14-cv-00443-REB<br><br>PETITIONER'S COMBINED RESPONSE TO RESPONDENT'S MOTION TO DISMISS AND PETITIONER'S MOTION FOR A LIMITED EVIDENTIARY HEARING |

Petitioners, through their attorneys, respond to the Respondent's Motion to Dismiss or Deny Petitioner's Petition, as follows:

Petitioner's Combined Response to
Respondent's Motion to Dismiss -1

## FACTS

The relevant facts are that Petitioners allege that a large number of social security numbers and other confidential information of Petitioner's clients are contained in one of the bank accounts sought.

The Affidavit of Petitioner, Frank Chapin, Dkt. #3, was served with the Petition. It verified that some of the records in a payroll account "contain personal social security numbers" and are confidential. One bank account sought is a payroll systems account that has never contained any income or expense of the Petitioners. It only has client information and deposits. Other confidential information including phone numbers and addresses were contained in the payroll account records. Mr. Chapin also stated that clients who classify as independent contractors as such could lead to an economic reality examination. He also stated that he provided over 960 pages of relevant tax audit information "sufficient to conduct the audit." The information includes bank records of the Mountain West Bank.

The Declaration of Revenue Agent, Heather Blair (Dkt #11) did not respond to Mr. Chapin's Affidavit. She admits that information was furnished but concluded that "Taxpayers provided me with incomplete bank records" that "did not reflect some of the deposits about which I already knew." She also confirmed that she had interviewed "the taxpayers." She states: "after receiving the incomplete records." Ms. Blair has expanded the audit and seeks to embarrass

Petitioner's Combined Response to
Respondent's Motion to Dismiss -2

Chapin by mentioning a license suspension that has no relevance whatever to records. Both the Affidavit and Counter Declaration of Frank Chapin, filed with this response, repudiates Blair's conclusion of incomplete bank records. It also established facts that rebut the conclusory declaration of Heather Blair.

Of great importance is that Chapin's declaration proved that the agent has complete copies of bank statements, checks and deposit slips already in her possession to complete the original audit. *Mark v. Groff*, 521 F.2d 1376, 1381 (9th Cir. 1975) proves that this type of conduct by an IRS auditor is bad faith. The case involved an inquiry "into the low level official's good faith." *Id.* at 1381. Bad faith was alleged and proven sufficient to go to trial. It also upheld jurisdiction of a *Bivens* action for constitutional violations. The IRS ruined the tax preparer's business causing the accountant anguish when the IRS "arranged to audit all the tax returns prepared" by the accountant, *id.* at 1378. The court at page 1380, footnote 4 stated:

> In drawing this important conclusion, the court relied solely on several sections of the Internal Revenue Code which grant the I.R.S. authority to interview a taxpayer, summon and interview his clients in the course of an investigation, and examine the taxpayer's business records. See Int.Rev.Code of 1954, ss 7210, 7602, 7604(b). Although these sections establish as a matter of law the agents' authority to conduct a thorough investigation and interview witnesses as well as the taxpayer, the district court did not point to, nor could it indicate, any Code section which authorized the agents to tell Mark's clients to cease business with him and warn them that if they continued to patronize Mark their returns would be audited. Such strong-arm and threatening tactics have no rightful place in I.R.S. investigations and enforcement proceedings.

Petitioner's Combined Response to
Respondent's Motion to Dismiss -3

On 1380-1:

> The task of determining the scope of appellees' immunity is somewhat simplified by the fact that I.R.S. agents, not unlike law enforcement officers or narcotic agents, are relatively low-level executive officers. The lower the government official, the narrower the range of official discretion and responsibilities; accordingly, the inquiry into the low-level official's good faith and the existence of reasonable grounds for the belief that the action taken was appropriate is comparatively less complex than in the case of a high executive official like a governor or cabinet member.

Petitioners have re-served the government in compliance with Fed.R.Civ.P. 4(c)(1). The issue is now moot.

**An economic reality exam is not allowed as all deposits are not income.**

The Memorandum in Support by Respondent at page 6 argues that even if an "economic reality examination" is sought, the IRS still gets the records. This is incorrect.

Respondent argues at page 3 that the IRS burden to produce can be met by "submitting a simple affidavit." *U.S. v. Bisceglia,* 420 U.S. 141, 95 S.Ct. 915, 43 L.Ed.2d 88 (1975) states that an IRS summons is only to seek "information relevant to a legitimate investigative purpose." *Id.* at 146. Citing *U.S. v. Matras,* 487 F.2d 1271, 1275 (8th Cir. 1973) holding that denying the "roadmap" sought by IRS as an "unnecessary burden." Also cited was *U.S. v. Pritchard,* 438 F.2d 969 (5th Cir. 1972) denying enforcement where the agent already had the material in his possession. *Bisceglia* also notes that the courts can act by "narrowing the scope of the summons" *supra* at 146. Such is the case here. The summons can

Petitioner's Combined Response to
Respondent's Motion to Dismiss -4

be "no broader than necessary to achieve its purpose" *id.* at 151. "Fishing expeditions" are not a proper purpose, *id.* at 150; *U.S. v. Dauphin Deposit Trust Co.,* 385 F.2d 129, 131 (3rd Cir. 1967).

A subpoena cannot be directed to unidentified persons. *Peters v. U.S.,* 853 F.2d 692 (9th Cir. 1988). Discovery of customers social security numbers is private information that is confidential and "is inappropriate and should not be permitted." *Tech v. U.S.,* 284 F.R.D. 192, 201-202 (M.D.Pa. 2012).

A summons requesting an accountant to produce work product and returns of clients is too broad and will not be enforced. *U.S. v. Theodore,* 479 F.2d 749 (4th Cir. 1973). A "rambling exploration" cannot be enforced, *id.* at 754. In *U.S. v. Monumental Life,* 440 F.3d 729 (6th Cir. 2006), an IRS summons was denied enforcement when many documents sought gave names of other taxpayers. The court held that the summons was overbroad and many documents sought "appear to be far removed from the investigation" *id.* at 736. In *U.S. v. Alpha Medical Management,* 116 F.3d 1481 (6th Cir. 1997) (unpublished), the appellate court remanded the case to determine whether some of the materials were already in possession of the IRS. In *Alpha,* the IRS expanded the audit years when the taxpayer thought the examination was repetitious.

Fed.R.Civ.P. 5.2(a)(1) requires social security numbers to be redacted. The Tax Court rules, T.C. Rule 20(b), require that social security and employer identification numbers be listed separately on a special form. The petition

Petitioner's Combined Response to
Respondent's Motion to Dismiss -5

requires that the social security numbers and employer ID numbers be redacted. T.C. Rule 27(a). The separate form is not filed in the public file.

31 C.F.R. § 1.32 does not contain any exception to 26 U.S.C. § 7602 or 7609 and is also limited by the redaction rules. The prohibited disclosure is by the IRS demanding disclosure that could ultimately be excerpts of record and within 26 U.S.C. § 6103(a)(2) as it will have to be disclosed to Mr. Chapin's counsel and other court personnel.

5 U.S.C. § 552(a) and (b)(6) prohibit disclosure of social security numbers. *Kortlander v. Bureau of Land Management,* 816 F.Supp.2d 1001, 1013 (D.Mont. 2011) held that social security numbers, addresses, email addresses, phone and fax numbers and other documents that would constitute an invasion of personal privacy. They were protected from disclosure in a freedom on information request. 5 U.S.C. § 552(b)(6) and (b)(7)(C) applied. The Petitioners have easily established the standard of "plausible inference of improper motive" by the IRS. *U.S. v. Clarke,* 134 S.Ct. 2361, 2368 , 189 L.Ed.2d 330 (2014).

The Court must also view the IRS Auditor's lack of responsive facts. The Declaration never contains any facts, only conclusions. Fed.R.Evid. 702(6) only allows an opinion by a qualified expert based on "sufficient facts." Personal knowledge is required. Fed.R.Evid. 602. Heather Blair's Declaration does not state identifying facts. It merely states that her testimony is based "on my own experience." She states she had "reason to believe", but doesn't state the reason.

Petitioner's Combined Response to
Respondent's Motion to Dismiss -6

She concludes that she has been given incomplete records, but does not define why the 960 copies Chapin states were given to her are incomplete. She only concludes a "likelihood." The entire Declaration contains only conclusions with no detail. Fed.R.Civ.P. 56(c)(1)(A) requires particulars and admissible evidence. Fed.R.Civ.P. 56(c)(4) requires personal knowledge. Chapin's Declaration is based on personal knowledge and details facts proving bad faith.

Congress amended 26 U.S.C. § 7609(f) in the Internal Revenue Service Restructuring and Reform Act of 1998. RRA 1988 (Section 3412). The amendment was allowed an economic reality examination only if there was a likelihood of unreported income. The House Report states:

**Reasons for Change**

> The Committee believes that financial status audit techniques are intrusive, and that their use should be limited to situations where the IRS already has indications of unreported income.

**Explanation of Provision**

> The bill prohibits IRS from using financial status or economic reality examination techniques to determine the existence of unreported income of any taxpayer unless the IRS has a reasonable indication that there is a likelihood of unreported income.

Blair's Declaration states that she found some bank deposits "which I already knew." She does not state that she asked the Petitioners about the deposits. Not all deposits into a bank account are income. Economic reality audits are net worth audits based on the Petitioner's net worth, not bank deposits.

Petitioner's Combined Response to
Respondent's Motion to Dismiss -7

*U.S. v. Goldman,* 637 F.2d 664 (9th Cir. 1980) provides the answer. It holds that the government has the burden to show that the request is for a legitimate purpose citing *U.S. v. Powell,* 379 U.S. 48, 57-8, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), *id.* at 666. The standard requires that the information is not already in the government's possession and the inquiry must be relevant to the purpose. The issue was the same as here. The Declaration of Agent Blair never states that a net worth, i.e. "economic reality audit," was even contemplated. The burden on the government never shifted.

Mr. Chapin's Affidavit and Declaration clearly state that some of the information contains client social security numbers and could lead to an economic reality audit. Blair's Declaration states that she has bank statements. She also states that she admits that she has at least some of the deposit slips and bank records of the Petitioners. She does not state what records she has. It is obvious that she has many records in her possession. She now wants duplicates. All she has to do is ask the Petitioners about the deposit slips she "already knew."

### Motion for Evidentiary Hearing

The Court should not issue a "rubber stamp" under these circumstances. A limited evidentiary hearing allowed by Fed.R.Civ.P. 81(a)(5) and 16(c)(2)(M) is requested and so moved. *U.S. v. Roundtree,* 420 F.2d 845 (5th Cir. 1969) held that an IRS summons was the equivalent of a search warrant and reversed a decision that denied an evidentiary hearing. The case held that the taxpayer was entitled

Petitioner's Combined Response to
Respondent's Motion to Dismiss -8

to determine the purpose of the IRS summons. *Id.* at 852. *U.S. v. McCarthy,* 514 F.2d 368 (3rd Cir. 1975) allowed a hearing and required findings of whether the *Powell* (398 U.S. 58) standards were met, *id.* at 375-6. *U.S. v. Ladd,* 471 F.Supp. 1150 (D.C. Texas 1979) allowed an evidentiary hearing and prohibited information already in possession of the IRS.

## CONCLUSION

The original audit was well in progress. The Petitioners furnished records. The agent never asked them about deposits and did not indicate why she needed more records. The IRS agent has records in her possession to complete the audit. She has copies of monthly statements, deposits and checks. The payroll account has social security numbers of clients and is not related in any way to the audit and it will provide no relevant information. It will cause Petitioners irreparable damage, embarrassment and reveal names and social security numbers of persons not under audit.

The facts proved by Petitioner's responses indicate bad faith and an attempt to obtain information on Petitioner's clients that has no bearing on Petitioner's audit. A dismissal of the subpoena or order of an evidentiary hearing is mandated by the facts presented.

Petitioner's Combined Response to
Respondent's Motion to Dismiss -9

DATED this 15th day of December, 2014.

/s/ Robert E. Kovacevich
ROBERT E. KOVACEVICH
Attorney for Petitioners


/s/ Thomas M. Vasseur
THOMAS M. VASSEUR
Attorney for Petitioners

Petitioner's Combined Response to
Respondent's Motion to Dismiss -10

# CERTIFICATE OF SERVICE

I hereby certify that on December 15th, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Dylan C. Cerling**
*Attorney for Respondents*

/s/ Robert E. Kovacevich
ROBERT E. KOVACEVICH
Attorney for Petitioners


/s/ Thomas M. Vasseur
THOMAS M. VASSEUR
Attorney for Petitioners

Petitioner's Combined Response to
Respondent's Motion to Dismiss -11