DAVID A. HUBBERT
Deputy Assistant Attorney General

DYLAN C. CERLING (NY)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-616-3395 (v)
202-307-0054 (f)
dylan.c.cerling@ usdoj.gov

Of Counsel:
WENDY J. OLSON
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF IDAHO

| | |
|---|---|
| FRANK CHAPIN, *et al.*, | Case No. 2:14-cv-443 |
| Petitioners, | **UNITED STATES' REPLY IN SUPPORT OF MOTION TO DISMISS OR DENY PETITION TO QUASH** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

The United States now files this reply to Petitioners' response to the United States' motion to dismiss or deny the petition to quash the IRS Summons, and argues that the United States has made out its prima facie case that the summons was proper, that Petitioners have not met their "heavy burden . . . to show an abuse of process or the lack of institutional good faith," *Stewart v. United States*, 511 F.3d 1251, 1254 (9th Cir. 2008), and that none of the alternative arguments for quashing the summons put forward by Petitioners are meritorious.

//

United States' Reply in Support of Motion to Dismiss or Quash       1
(Case No. 2:14-cv-443)

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3395

1  I)     **FACTS AND PROCEDURAL HISTORY**

2  Heather Blair is an IRS agent assigned to conduct an income tax examination of Frank

3  and Sydney Chapin. (Dkt. No. 11 at 1–2, ¶ 2.) She asked for certain bank records from them, but

4  received incomplete records. (Dkt. No. 11 at 3, ¶ 8.) She wanted to review the bank records

5  because they might show bank deposits (which may represent taxable income), and withdrawals

6  (which may represent deductible expenses). (Dkt. No. 11 and 2–3, ¶ 7.) After receiving

7  incomplete bank records from the Chapins, she issued a summons for records from Mountain

8  West Bank, (Dkt. No. 2 at ¶ 5), as she is authorized to do under 26 U.S.C. §§ 7602 & 7603(b).

9  On October 20, 2014, Petitioners Frank and Sydney Chapin filed the Petition to Quash

10 the IRS Summons at issue in this case. (Dkt. No. 1.) In it, they primarily argued that the records

11 sought are privileged, that the IRS may not obtain social security numbers, which the bank

12 records contain, and the summons is for the purpose of conducting an "economic reality

13 examination," which is improper. (Dkt. No. 1 at 3.) The United States filed a motion to dismiss

14 or deny the petition, arguing that it had not been properly served, that the United States had

15 satisfied the relevant *Powell* standard, that Petitioners had not met their heavy burden of showing

16 an improper purpose, and that none of the other statutes or rules cited by Petitioners bar the IRS

17 from obtaining the information sought. (Dkt. Nos. 9 & 10.)

18 Petitioners filed a response, (Dkt. No. 16), accompanied by an affidavit signed by Frank

19 Chapin. (Dkt. No. 17.) In those documents, they appear to argue that the IRS has not met its

20 burden under *Powell*, as Ms. Blair's declaration does not contain sufficient detail. They also

21 argue that the documents sought are duplicates, and so should not be obtainable. Finally, they

22 raise several arguments—some of which were originally raised in their petition, and some of

23

which are new—for why the information sought should not be turned over because the records may contain social security numbers. The United States now files this Reply.

## II) DISCUSSION

### A. The United States Has Satisfied The Relevant Standard For A Third-Party Summons, And Petitioners Have Not Met Their "Heavy Burden" Of Showing An Improper Purpose

As previously noted in the United States' original motion, a third party summons issued by the IRS under 26 U.S.C. §§ 7602 & 7609 is enforceable as long as the IRS Commissioner shows "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed." *United States v. Powell*, 379 U.S. 48, 57–58 (1964). This standard can be satisfied by "submitting a simple affidavit from the investigating agent." *United States v. Clarke*, 134 S.Ct. 2361, 2367 (2014). *See also Stewart v. United* States, 511 F.3d 1251, 1254 (9th Cir. 2008) ("The government's burden under *Powell* 'is a slight one and typically is satisfied by the introduction of a sworn declaration of the revenue agent who issued the summons that the *Powell* requirements have been met.'" (quoting *Fortney v. United States*, 59 F.3d 117, 120 (9th Cir. 1995))). Once the government makes out a prima facie case, the burden shifts to the person opposing the summons, who has "a heavy burden . . . to show an abuse of process or the lack of institutional good faith." *Id.* at 1255 (quoting *Fortney*, 59 F.3d at 120).

Here, for the reasons put forward in its memorandum in support of its motion to dismiss or deny the petition, the United States has satisfied the *Powell* standard and made out a prima facie case. (*See* Dkt. No. 10 at 3.) Petitioner puts forward two arguments for why the United States has not met its burden: first, that the request is for duplicative information, as the IRS

United States' Reply in Support of Motion to Dismiss or Quash
(Case No. 2:14-cv-443)

3

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3395

agent already has "complete copies of bank statements, checks and deposit slips," (Dkt. No. 16 at 3), and "[s]he now wants duplicates," (Dkt. No. 16 at 8);[1] and second, that the declaration by the IRS agent "never contains any facts, only conclusions." (Dkt. No. 16 at 6–7.)

The Ninth Circuit has rejected the argument that records obtained from the taxpayer can be duplicative of records obtained from the taxpayer's bank. Specifically, the Ninth Circuit stated:

> The district court held that the IRS could not ascertain whether all relevant records had been released until it had examined the requested documents. It also held that the IRS is entitled to compare for accuracy, the records produced by [the taxpayer] with those held by [the taxpayer's bank].  We agree.

*Liberty Financial Servs. v. United States*, 778 F.2d 1390, 1392–93 (9th Cir. 1985) (per curiam). Thus, the Ninth Circuit has expressly approved the use of an IRS summons to obtain banking information even where the taxpayer claims he has already provided all of the pertinent information to the IRS. *See also United States v. Luther*, 481 F.2d 429, 432 (9th Cir. 1973) ("The fact that the Service may have had access to . . . records of banks as to checks issued by the Corporation . . . does not destroy the Government's right to inspect the original and primary records of the Corporation."); *Sugarloaf Funding, LLC v. U.S. Dep't of Treas.*, 584 F.3d 340, 350 (1st Cir. 2009) ("The IRS is entitled to obtain relevant records from third parties to compare for accuracy any records obtained from the taxpayer.").

---

[1] Petitioner characterizes this as evidence that "this type of conduct by an IRS auditor is bad faith." (Dkt. No. 16 at 3.) The United States submits that its legal arguments are equally relevant whether the Court considers Petitioners' argument as to whether the United States has met its initial burden, or whether Petitioners have met their heavy burden to prove an abuse of process or lack of institutional good faith.

United States' Reply in Support of Motion to Dismiss or Quash
(Case No. 2:14-cv-443)

4

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3395

Thus, in order to show that the third prong of the *Powell* test was not met, the Chapins must demonstrate that the IRS already had in its possession the Chapins' bank records *from the summons target*, Mountain West Bank. They cannot do so, as the IRS does not have those records. (Dkt. No. 11 at 4, ¶ 12.) Moreover, the Chapins' argument that the records sought are duplicative of records provided by the Chapins to Frank Blair is contradicted by Frank Chapin's own declaration: he repeatedly states that some of the records sought contain confidential information, and disclosure of that information to the IRS "would injure [his] clients and also [his] accounting practice." (Dkt. No. 17 at 3.) The records provided by Mr. Chapin cannot have been complete if Mr. Chapin is concerned about revealing information to the IRS that is contained within the bank records.

Petitioner also argues that Ms. Blair's declaration is insufficient to prove that the records sought are relevant. Ms. Blair's declaration notes that the bank records are sought because they are likely to show bank deposits (which may represent income), and withdrawals (which may represent deductible expenses). (Dkt. No. 11 at 2–3, ¶ 7.) Thus, she has reason to believe that the bank records may contain information relevant to the taxpayers' income tax liabilities for the years at issue. (Dkt. No. 11 at 2, ¶ 6.) Ms. Blair cannot state in detail what those records will contain because she does not have them, (Dkt. No. 11 at 4. ¶ 12), and the records provided by the Chapins are incomplete. (Dkt. No. 11 at 2–3, ¶ 7–9.) Frank Chapin argues that "there has been no communication of any kind to allow [him] or [his] wife to explain any deposit, check, or bank statement," and that "Ms. Blair has never given [him] a list of deposits that she wants identified." (Dkt. No. 17 at 2.) However, he points to no law showing that an IRS must take such action before issuing a third-party summons. Nor does the law require that an IRS agent know precisely what certain records will contain before she obtains them. *See* 26 U.S.C. § 7602(a) (to ascertain

United States' Reply in Support of Motion to Dismiss or Quash
(Case No. 2:14-cv-443)

5

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3395

the correctness of any return or determine the liability of any person for any internal revenue tax, the IRS is authorized to examine any books, papers, records, or other data "which *may* be relevant or material to such inquiry") (emphasis added). The fact that the Chapins have not provided Ms. Blair with complete records after she issued a summons to them, even though the Chapins' compliance is required, *see* 26 U.S.C. 7602(a), gives her good cause to believe that there may be income which could be discovered by requesting the records of Mountain West Bank. There is no legal requirement that an IRS agent, when faced with a recalcitrant taxpayer, "ask the [taxpayers] about the deposit slips [about which] she 'already knew'" before seeking bank records. (Dkt. No. 16 at 8.)

Moreover, Petitioners have not met their heavy burden to show abuse of process or lack of institutional good faith, as they have not "ma[d]e a showing of facts that give rise to a plausible inference of improper motive." *United States v. Clarke*, 134 S. Ct. 2361, 2368 (2014). Instead, they have made two arguments: first, an argument related to the alleged duplicative nature of the records sought, (Dkt. No. 16 at 3, 8), which, as explained above, is countered by Ninth Circuit law allowing an IRS agent to obtain records from a bank even when the taxpayer asserts that he has provided complete bank records to the IRS; and second, Mr. Chapin, in his affidavit, says that he "know[s] of [his] own knowledge that by asserting [his] rights Ms. Blair is using her power in an attempt to assert her superior position," (Dkt. No. 17 at 3–4), which the United States interprets as an accusation that Ms. Blair requested the records solely as revenge, after she was annoyed by Mr. Chapin asserting his rights. However, he submits no evidence or basis for that belief. Moreover, Ms. Blair has stated, in her declaration, why she is requesting the records from Mountain West: because the records provided by Mr. Chapin appear to be incomplete. (Dkt. No. 11 at 3, ¶¶ 8–9.) She should be allowed to "compare for accuracy[] the

United States' Reply in Support of Motion to Dismiss or Quash
(Case No. 2:14-cv-443)

6

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3395

records produced by [the taxpayer] with those held by [the bank]." *Liberty Financial Servs.*, 778 F.2d at 1392–93. Thus, the accusations of improper purpose by Mr. Chapin and his counsel are mere "[n]aked allegations of improper purpose [which] are not enough" and Petitioners have not "offer[ed] some credible evidence supporting [their] charge" of improper purpose. *Clarke*, 134 S. Ct. at 2367.

**B.   None Of Petitioners' Alternative Arguments Bar The IRS From Obtaining The Records, Even Assuming The Records Contain Social Security Numbers Or Other Information Implicating Privacy Interests**

The United States believes it has addressed many of Petitioners' arguments related to whether the IRS can obtain information containing social security numbers in its original motion. (*See* Dkt. No. 10 at 4–6.) However, the United States will briefly address the arguments and legal authority raised by Petitioners' response.

As the United States previously pointed out, 26 U.S.C. § 6103 does not prevent the IRS from recovering information, and instead prevents government officials from *disclosing* certain information under some circumstances. *See* 26 U.S.C. § 6103(a). The government submits that Petitioners' argument that "[t]he prohibited disclosure is by the IRS demanding disclosure that could ultimately be excerpts of records and within 26 U.S.C. § 6103(a)(2) as it will have to be disclosed to Mr. Chapin's counsel and other court personnel" (Dkt. No. 16 at 6) is meritless.[2] First, there is no legal authority for the argument that the IRS is barred from obtaining information because, *if* the information is wrongfully disclosed in the future, it will constitute a §

---

[2] For the record, § 6103(a)(2) does not apply to the IRS in any way; that subsection bars disclosure of certain information under some circumstances by state and local officials. The subsection that applies to federal officials is § 6103(a)(1).

United States' Reply in Support of Motion to Dismiss or Quash (Case No. 2:14-cv-443)

7

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3395

6103 violation. Such a rule would bar the IRS from obtaining any information whatsoever, at any time, including tax returns. Second, if the information "will have to be disclosed" to Mr. Chapin's counsel and other court personnel, disclosure will not be not barred by § 6103, *see* 26 U.S.C. § 6103(c), (e)(6) (allowing disclosure of return information to designee of taxpayer and to attorney of taxpayer); 26 U.S.C. § 6103(h) (disclosure is allowed under certain circumstances to certain federal officers and employees for purposes of tax administration, including disclosure under some circumstances in judicial and administrative tax proceedings at § 6103(h)(4)).

Petitioner argues that Federal Rule of Civil Procedure 5.2(a)(1) bars the IRS from obtaining information containing social security numbers unless those numbers have been redacted. (Dkt. No. 16 at 5–6.) The government submits that Petitioner's argument is meritless. Rule 5.2(a)(1) requires that social security numbers be redacted "in an electronic or paper filing with the court." Fed. R. Civ. P. 5.2(a). Here, the information is not being filed with the Court. Petitioner makes the same meritless argument with respect to Tax Court Rule 20 and/or 27. First, the Tax Court rules do not apply in federal district court. Second, T.C. Rule 20(b) requires that when commencing a case in Tax Court, "[t]he petitioner shall submit with the petition a statement of the petitioner's taxpayer identification number," T.C. R. 20(b); while Rule 27 requires that filings with the tax court have taxpayer identification numbers redacted. T.C. R. 27(a). However, here, the IRS is requesting information from Mountain West Bank. It is not, at this time, filing that information with any court, and it is fully capable of redacting the records it obtains if it becomes necessary to file them with a court.

5 U.S.C. § 552 is the Freedom of Information Act, which prohibits disclosure of certain information by the federal government. Contrary to Petitioners' argument, it does nothing to prohibit the collection of information from a private party by a federal agency.

United States' Reply in Support of Motion to Dismiss or Quash
(Case No. 2:14-cv-443)

8

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3395

31 C.F.R. § 1.32 does not apply with respect to "[a]ny disclosure which is required by Federal statute," 31 C.F.R. § 1.32(b)(1), and complying with an IRS summons is required by federal statute. *See* 26 U.S.C. §§7602, 7604.

**C.     Ms. Blair Is Not Conducting An Economic Reality Examination, But Even If She Were, She Is Allowed To Do So Because She Has A Reasonable Indication Of Unreported Income**

Finally, Petitioners' arguments related to an "economic reality examination" are meritless. An economic reality examination[3] is an examination of a taxpayer's lifestyle through expenditures, net worth, and bank deposits to see whether they are spending more money than their reported income. *See Trevino v. United States*, 2005 WL 4829608, at *3 (N.D. Cal. 2005) (stating that indirect methods of proof in a tax case involve reconstructing a defendant's finances through the use of that information). Counsel for Taxpayers appears to agree with that definition, and states that "[e]conomic reality audits are based on the Petitioner's net worth, not bank deposits." (Dkt. No. 16 at 7.) Here, the declaration of Ms. Blair states that she wants to examine the taxpayer's bank records to determine whether there is non-reported income (as evidenced by bank deposits), or deductible expenses (as evidenced by withdrawals). (Dkt. No. 11 at 2–3, ¶¶ 7, 9.) That is a "direct" method of proof in tax cases, as she is looking for specific items of income that do not appear on Taxpayers' tax returns. *Trevino*, 2005 WL 4829608 at 3. Petitioner puts forward no evidence that the IRS is conducting an "economic reality examination" to counter that which was provided by Ms. Blair in her declaration. However, even assuming that Ms. Blair, in looking at Petitioners' bank accounts to determine whether there exists any unreported

---

[3] The terms "financial status or economic reality examination techniques," 26 U.S.C. § 7602(e), are not defined in the Code.

United States' Reply in Support of Motion to Dismiss or Quash
(Case No. 2:14-cv-443)

9

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3395

income, is conducting an "economic reality examination," such examinations are allowed if the examiner "has a reasonable indication that there is a likelihood of such unreported income." 26 U.S.C. § 7602(e). Here, Ms. Blair has such a reasonable indication, as the records provided by Taxpayers do not reflect income about which she had already been informed. (*See* Dkt. No. 11 at 3, ¶ 9.)

### III) CONCLUSION

For the foregoing reasons, the United States respectfully submits that the Petition to Quash should be denied. All four *Powell* criteria have been met, and the reasons given by Petitioners to quash the summons are without merit.

Respectfully submitted this 22nd day of December, 2014.

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Dylan C. Cerling*
DYLAN C. CERLING
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-616-3395 (v)
202-307-0054 (f)
Dylan.C.Cerling@usdoj.gov

WENDY J. OLSON
United States Attorney

United States' Reply in Support of Motion to Dismiss or Quash
(Case No. 2:14-cv-443)

10

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3395

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of December, 2014, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

**Robert E. Kovacevich**
*Attorney for Petitioners*

**Thomas M. Vasseur**
*Attorney for Petitioners*

                        */s/ Dylan C. Cerling*
                        DYLAN C. CERLING
                        Trial Attorney
                        United States Department of Justice, Tax Division

United States' Reply in Support of Motion to Dismiss or Quash
(Case No. 2:14-cv-443)                    11                    **U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3395