UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FRANK CHAPIN and S. GUTIERREZ-CHAPIN, aka SYDNEY CHAPIN and SYDNEY GUITIERREZ-CHAPIN,<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 2:14-CV-00443-EJL-REB<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

## INTRODUCTION

On August 5, 2015, United States Magistrate Judge Ronald E. Bush issued a Report and Recommendation ("Report"), recommending that Petitioners' Petition to Quash Third Party Summons (Dkt. 1) be denied and Respondent's Motion to Dismiss or Deny Petition to Quash (Dkt. 9) be granted. (Dkt. 33.) Any party may challenge a magistrate judge's proposed recommendation by filing written objections to the Report within fourteen days after being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1); Local Civil Rule 72.1(b). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate judge. *Id.*; *see also* Fed. R. Civ. P. 72(b). The Respondent filed

ORDER- 1

objections to the Report. (Dkt. 34.) The matter is now ripe for the Court's consideration. *See* Local Civil Rule 72.1(b)(2); 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. § 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court

need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).

The Court has reviewed the entire Report as well as the record in this matter for clear error on the face of the record and none has been found. The Court has also conducted a *de novo* review of those portions of the Report to which the Respondent has objected and finds as follows.

## DISCUSSION

The full procedural background and facts of this case are properly articulated in the Report and the Court incorporates the same in this Order. (Dkt. 33.) In short, the Petitioners seek to quash an October 2, 2014 summons issued by Internal Revenue Service ("IRS") Agent Heather L. Blair to Mountain West Bank in Coeur d'Alene, Idaho. The summons seeks production of materials related to Agent Blair's income tax examination of Petitioners Frank L. Chapin and Sydney Gutierrez-Chapin for the tax years ending in December of 2009-2012. In the Report, Magistrate Judge Bush concluded that the Respondent had made the prima facie showing required for issuance and enforcement of the summons and that the Petitioners had failed to show any abuse of process or bad faith. (Dkt. 33.) Accordingly, the Report recommends denying the Petition to Quash the Summons and granting the Respondent's Motion to Dismiss. There were no objections filed as to those conclusions by either party. This Court has reviewed those conclusions and is in agreement with the reasoning and analysis of Magistrate Judge Bush and will adopt the same.

**ORDER- 3**

The Respondent has filed an objection to the recommended limitations placed on the enforcement of the summons as stated in the Report. (Dkt. 34.) Specifically, the Respondent challenges the Report's recommendation to limit the summons in order to address the general concerns raised by the Petitioners in relation to certain payroll information. (Dkt. 33 at 11, 16.) Respondent argues there is no legal basis for such a limitation, the Petitioners' concerns are addressed in the IRS Code, and that to require the recommended limitations would prevent the IRS from obtaining the necessary information to conduct its examination. (Dkt. 34.)

The Court has reviewed the objection *de novo* and finds that the recommended limitations should not be imposed. While the Court is aware of the Petitioners' general concerns regarding disclosure of information about third parties, the fact of the matter is that the Respondent has satisfied the prima facie showing that the IRS properly issued the summons and the Petitioners have not shown any abuse of process or bad faith. That is all that is required here. *See Liberty Fin. Servs. v. United States*, 778 F.2d 1390, 1392 (9th Cir. 1985) (per curiam) (stating the *Powell* prima facie requirements are minimal "because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted."); *see also United States v. Clarke*, 134 S.Ct. 2361, 2367 (2014); *United States v. Powell*, 379 U.S. 248, 252-58 (1964). As such, the Court does not adopt the Report's recommendation to limit the summons.

**ORDER- 4**

## <u>ORDER</u>

**NOW THEREFORE IT IS HEREBY ORDERED** that the Report and Recommendation entered on August 5, 2015 (Dkt. 33) is **ADOPTED IN PART AND REJECTED IN PART** as stated herein.

    **IT IS FURTHER ORDERED** that the Petitioners' Motion to Quash Third Party Summons (Dkt. 1) is **DENIED** and the Respondent's Motion to Dismiss or Deny Petition to Quash (Dkt. 9) is **GRANTED**.

DATED: **September 10, 2015**

Honorable Edward J. Lodge
U. S. District Judge

**ORDER- 5**